```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

GENE ANN MARIE BLYTHE, as
Administratrix of the Estate
of CHARLES RICHARD McINTIRE,
deceased,

      Plaintiff,

v.                                        Civil Action No. 5:12CV95
                                                      (STAMP)
CONSOLIDATION COAL COMPANY
and JOSEPH ONTKO,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND AND**
**DENYING WITHOUT PREJUDICE MOTION TO DISMISS**

I.  Procedural History

The plaintiff, administratrix of the estate of her father, Charles Richard McIntire ("Mr. McIntire"), filed this civil action in the Circuit Court of Marshall County, West Virginia. The complaint raises two counts of deliberate intent related to the Mr. McIntire's death on October 17, 2011. Count I is a claim for deliberate intent against defendant Consolidation Coal Company ("Consol"), Mr. McIntire's former employer, and Count II is a claim for deliberate intent against defendant Joseph Ontko ("Ontko"), Mr. McIntire's supervisor on the day of his death.

The defendants removed this civil action to this Court on the basis of diversity, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). The defendants acknowledge that, as the plaintiff has framed her complaint, complete diversity of citizenship between the parties does not exist, because defendant Ontko and the plaintiff are both

residents and citizens of Ohio.[1]  However, the defendants support their claim of diversity jurisdiction by arguing that defendant Ontko has been fraudulently joined to this case, and his citizenship should thus be disregarded for jurisdictional purposes. In response, the plaintiff filed a motion for remand on the basis of her assertion that defendant Ontko has not been fraudulently joined in this case.  Defendant Ontko has also filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), wherein he makes arguments similar to those raised to support the defendants' notice of removal.

Both the plaintiff's motion for remand and defendant Ontko's motion to dismiss have been fully briefed and are ripe for disposition by this Court.  For the reasons that follow, this Court finds that defendant Ontko has not been fraudulently joined to this civil action, and thus remands the case to the Circuit Court of Marshall County, West Virginia.  Further, because this Court finds that it lacks subject matter jurisdiction over the merits of this case, defendant Ontko's motion to dismiss is denied without prejudice subject to refiling in state court if appropriate to do so.

---

[1] All parties agree that complete diversity exists between the plaintiff, a citizen of Ohio, and defendant Consol, a Delaware corporation with it principal place of business located in Pittsburgh, Pennsylvania.

## II. Facts[2]

On October 17, 2011, Mr. McIntire was employed by defendant Consol as a timberman/laborer and was working at the Shoemaker Mine in Marshall County, West Virginia. Mr. McIntire was working under supervisor defendant Ontko, who was employed by defendant Consol as a section foreman at the Shoemaker Mine that day. Defendant Ontko directed Mr. McIntire and other members of a work crew to clean up material that had fallen at 15+20 block of the main line haulage which was located by the River Portal of the mine. After arriving at the 15+20 block, the work crew determined that, due to the size and weight of the fallen rocks, a ditch digger would be necessary to move them. Defendant Ontko transported Mr. McIntire to retrieve the ditch digger and, after learning that Mr. McIntire's training for the ditch digging machine may have expired, provided Mr. McIntire with task training on the machine.

Following this task training, Mr. McIntire began to operate the ditch digger, which was track mounted and powered by an overhead 300 volt D.C. trolley wire through a trolley pole to the electric controller box on the machine. However, at the Shoemaker Mine there exists a "jump area" along the track where a gap exists in the trolley wire. In order to pass through the jump area with the ditch digger, the plaintiff asserts that it was common practice at the mine to pick up speed, grab the trolley pole before it left

---

[2]For the purposes of this opinion, this Court adopts, for the most part, the facts as set forth by the plaintiff in her complaint.

the wire, and to coast across the jump area, before reattaching the trolley pole to the trolley wire upon passing through the gap in the wire. However, the plaintiff further asserts that the ditch digger was often unsuccessful in fully coasting through the jump area, and at those times, the operator would use a power cord kept along the track in order to provide power to the machine to fully propel it across the jump area.

When Mr. McIntire was operating the ditch digger on October 17, 2011, it stopped before crossing the jump area, and Mr. McIntire attempted to use the power cord to provide power to the ditch digger. In order to connect the power cord, Mr. McIntire exited the operator's compartment, and connected the cord to the ditch digger and the trolley wire. Upon connecting the cord to the energized wire, the ditch digger lurched forward, striking Mr. McIntire and crushing him underneath the machine, thereby causing his death. The plaintiff now claims that the accident which caused Mr. McIntire's death was the direct and proximate result of the actions, omission, and conduct of the defendants, and that these actions and omissions amount to "deliberate intention."

### III. Applicable Law

A. Motion to remand

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of

cases: (1) those involving federal questions under 28 U.S.C. § 1331 and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed due to "significant federalism concerns," implicated by abrogating a state court of the ability to decide a case over which it has jurisdiction. Id. Thus, if federal jurisdiction is doubtful, the federal court must remand. Id.

However, when a defendant removes a case that, on its face, does not present complete diversity, courts are permitted to utilize the doctrine of fraudulent joinder to examine the record in more depth to determine whether the non-diverse parties are real parties in interest to the action. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Under the doctrine of fraudulent joinder, a defendant may remove a case on the basis of diversity jurisdiction even if a non-diverse defendant is a party to the case, so long as the removing party can prove that the non-diverse defendant was fraudulently joined to the action. Id. Fraudulent joinder "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id.

IV.   Discussion

A.   Motion to remand

In their notice of removal, the defendants argue that this Court has jurisdiction over this case because defendant Ontko, who along with the plaintiff is a resident of Ohio, was fraudulently joined in this action. To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999) (quoting <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original). A claim of fraudulent joinder places a heavy burden on the defendants. <u>Marshall</u>, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of right to relief need be asserted." <u>Id.</u> at 232-33 (internal citations omitted). Further, the burden is on the defendants to establish fraudulent joinder by clear and convincing evidence. <u>Rinehart v. Consolidated Coal Co.</u>, 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

Here, the defendants do not allege outright fraud in the plaintiff's pleadings. The defendants rather argue that, based upon the relevant statutory provision, deliberate intent liability

cannot attach to defendant Ontko as a matter of law. Therefore, to defeat the plaintiff's motion to remand, the defendants must prove by clear and convincing evidence, that there is no possibility that the plaintiff could prevail against defendant Ontko based upon her claim of deliberate intent. The defendants have failed to make this showing.

Count II of the plaintiff's complaint, the only claim raised against defendant Ontko, asserts a state law claim of deliberate intent pursuant to West Virginia Code § 23-4-2(d)(2)(ii). The statutory cause of action for "deliberate intent" represents an exception to the general immunity from liability for all employee work-related injuries extended to employers and co-workers by the West Virginia worker's compensation statute. See W. Va. Code §§ 23-2-6 and 23-2-6a and W. Va. Code § 23-4-2(d)(1) (explaining the complete immunity provided for by the Worker's Compensation Act, as well as the specific exception for deliberate intent claims). "Two separate and distinct methods of proving deliberate intent" are provided in the statute, West Virginia Code § 23-4-2(d)(2)(i) and § 23-4-2(d)(2)(ii). Sias v. W-P Coal Co., 408 S.E.2d 321, 326 (W. Va. 1991). The plaintiff has raised a claim against defendant Ontko under § 23-4-2(d)(2)(ii). That subsection provides for deliberate intent liability as follows:

> (2) The immunity from suit provided under this section and sections six [23-2-6] and six-a [23-2-6a] . . . may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention." This requirement may be satisfied only if:

>> (ii) The trier of fact determines . . . that all of the following facts are proven:
>>
>>> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>>>
>>> (B) That the employer, prior to the injury had actual knowledge of the existence of the unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>>>
>>> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, . . .
>>>
>>> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C) inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>>>
>>> (E) That the employee exposed suffered serious compensable injury or compensable death . . . as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(ii).

The defendants argue that, under the deliberate intent claim as it is defined by the above section, liability can only attach to an <u>employer</u>, and thus, because defendant Ontko is a co-worker and

does not qualify as an employer, he cannot be held liable under § 23-4-2(d)(2)(ii) as a matter of law. As such, because the only cause of action alleged against him is a claim under that section, he has been fraudulently joined to this civil action.

At the center of the defendants' argument is the differing language in § 23-4-2(d)(2)(ii) from that in the previous section, § 23-4-2(d)(2)(i), which provides the alternative method of proof of "deliberate intention" to that in subsection (ii). West Virginia Code § 23-4-2(d)(i) allows for deliberate intent to be proven if "it is proved that the employer <u>or other person against whom liability is asserted</u> acted with a consciously, subjective and deliberately formed intention to produce the specific result of injury or death to an employee . . . ." (emphasis added). The defendants argue that, because subsection (i) specifically states that deliberate intent can be proven under that section against both "employer[s]" and "other person[s] against whom liability is sought," while subsection (ii) refers only to the knowledge, intent and actions of "employers," the West Virginia legislature could only have intended to allow liability against employers under subsection (ii). W. Va. Code §§ 23-4-2(d)(2)(i) and (ii).

The defendants further argue that the immunity granted by the worker's compensation statute is intended to be interpreted very broadly, and the exceptions thereto, as narrowly as possible. They assert that § 23-4-2(d)(1) represents evidence of this in that it states the following: "[i]t is declared that enactment of this

chapter and the establishment of the workers' compensation system . . . was and is intended to remove from the common law tort system all disputes between or among employers and employees regarding the compensation to be received for injury or death to an employee except as expressly provided in this chapter . . ." The defendants say that, because subsection (ii) does not "expressly provide" for liability of co-workers, such liability does not exist.

    The plaintiff, on the other hand, argues that co-worker liability is possible under both theories of deliberate intent liability. In support of her theory, she points to the introductory paragraph of the two methods of proof: § 23-4-2(d)(2). This introductory section applies to both subsections (i) and (ii), and asserts, "[t]he immunity from suit provided under this section and sections six [§ 23-2-6] and six-a [§ 23-2-6a] . . . may be lost only if the employer or person against whom liability is asserted acted with 'deliberate intention.'" The plaintiff notes that section six-a, to which subsection (d)(2) explicitly refers, creates immunity for "officers, managers, agents, representatives or employees" of employers. W. Va. Code § 23-2-6a. The plaintiff also points to subsection (d)(2)'s use of both "employer[s]" and "person[s] against whom liability is asserted," and argues that the inclusion of references to both § 23-2-6a, and "person[s] against whom liability is asserted" is indicative of the intention for co-worker liability to attach under both methods of proof of deliberate intention.

Both the plaintiff and the defendants offer case law which supports their reading of the statutory language, and after a review of the relevant cases in this district, in the United States District Court for the Southern District of West Virginia, as well as in the courts of the State of West Virginia, it is clear that there is a significant split on this issue among courts that have addressed it.  See Williams v. Harsco Corp., No. 1:10cv206, 2011 U.S. Dist. LEXIS 79858 (N.D. W. Va. July 22, 2011); Weekly v. Olin Corp., 681 F. Supp. 346 (N.D. W. Va. 1987); Rinehart v. Consolidated Coal Co., 660 F. Supp. 1140 (N.D. W. Va. 1987); Bledsoe v. Brooks Run Mining Co., LLC, No. 5:11cv464, 2011 U.S. Dist. LEXIS 127885 (S.D. W. Va. Nov. 4, 2011); Anderson v. Am. Electric Power Svc. Corp., No. 06-c-770 (Kanawha C. W. Va. Cir. Ct. Apr. 10, 2007); Knight v. Baker Material Handling Corp., No. 01-c-39-1 (Harrison C. W. Va. Cir. Ct. Sept. 26, 2001); but see Fincham v. Armstrong World Industries, Inc., No. 2:08cv101, 2008 U.S. Dist. LEXIS 123228 (N.D. W. Va. Nov. 7, 2008); Evans v. CDX Servs., LLC, 528 F. Supp. 2d 599 (S.D. W. Va. 2007); Hager v. Cowin & Co., Inc., No. 2:10cv1138, 2011 U.S. Dist. LEXIS 61471 (S.D. W. Va. June 3, 2011); King v. Sears Roebuck & Co., No. 1:10-1024, 2011 U.S. Dist. LEXIS 14578 (S.D. W. Va. Feb. 14, 2011); Furrow v. Arch Coal, Inc., Civil Action No. 09-c-152 (Mingo C. W. Va. Cir. Ct. Oct. 7, 2009). It is further necessary to note that the West Virginia Supreme Court of Appeals has not spoken on the matter and, thus, has

11

provided no binding precedent for any court attempting to determine it.

This Court will note that the undersigned's opinion in <u>Hoffman v. Consolidated Coal Co.</u>, No. 1:10cv83, 2010 U.S. Dist. LEXIS 127028 (N.D. W. Va. Dec. 1, 2010), is cited by the plaintiff as support for her interpretation of § 23-4-2(d)(2)(ii) as allowing for co-worker liability. However, <u>Hoffman</u> was a case wherein the plaintiff had raised claims under both § 23-4-2-(d)(2)(i) and § 23-4-2(d)(2)(ii), and this Court did not engage in discussion as to whether a claim brought only under § 23-4-2(d)(2)(ii) was viable against a co-worker. <u>Id.</u> at *12-*13. Accordingly, this Court does not find its opinion in <u>Hoffman</u> to be helpful in the determination before it today.

After a thorough review of the above-cited cases addressing co-worker liability under § 23-4-2(d)(2)(ii), the arguments of the parties, and the language of the statute itself, this Court finds that the plaintiff has alleged a possible claim against defendant Ontko in this case. This Court has considered the arguments of the defendants, as well as the opinions advanced by the courts finding otherwise than this Court finds today. These arguments concentrate upon giving effect and attaching meaning to the differing language of subsections (i) and (ii), and argue that a failure to do so renders the differences in language meaningless. <u>See, e.g.</u>, <u>Evans</u>, 528 F. Supp. 2d at 605. This Court recognizes that such an approach is in line with accepted rules of statutory construction.

<u>See</u> <u>Mitchell v. City of Wheeling</u>, 502 S.E.2d 182, 185 (W. Va. 1998).

However, after review, this Court believes that application of this approach to the relevant statutory sections actually lends itself to the opposite result. While the language of subsection (i) certainly differs from that of subsection (ii), to interpret the meaning of subsection (ii) as the defendants suggest, requires this Court to read the aforementioned introductory paragraph in § 23-4-2(d)(2) out of the statute. As outlined above, § 23-4-2(d)(2) explicitly states that, under both § 23-4-2(d)(2)(i) and § 23-4-2(d)(2)(ii), "[t]he immunity from suit provided under this section and under sections six <u>and six-a</u>, article two of this chapter may be lost only if the employer or <u>person against whom liability is asserted</u> acted with "deliberate intention." It is noted that the section six-a to which § 23-4-2(d)(2) refers is § 23-2-6a, which creates an exemption from liability for "officers, managers, agents, representatives or employees" of employers. In that section, the immunity extended to such co-workers is described as exactly the same as that extended to employers. <u>See</u> W. Va. Code § 23-2-6a.

Accordingly, no matter which way this Court interprets the relevant language, some portion of the statute will not be given effect. As such, it does not seem reasonable to adopt an interpretation which would render an entire subsection of the statute meaningless. Further, as noted above, the immunity

extended to co-workers is exactly the same as that given to employers, and as such, it is not reasonable to assume that the loss of that immunity would differ at all for co-workers and employers. See Williams, 2011 U.S. Dist. LEXIS 79858 *7-*8 (examining Kanawha Circuit Court's decision in Anderson, which determined that no greater immunity for co-workers could be read into the statute based upon § 23-4-2(d), and finding that interpretation "eminently reasonable.")

Further, the only determination with which this Court is charged at this point is whether a "possible" claim has been alleged against defendant Ontko. As Judge Irene M. Keeley found in her opinion in Williams, whether or not co-worker liability can attach based upon a claim under § 23-4-2(d)(ii) is a "debatable point of state law that remains unresolved by the West Virginia Supreme Court of Appeals." Id. at *9. Accordingly, because the standard on remand requires this Court to resolve all "'legal uncertainties'" in favor of the plaintiff, this determination must be so resolved, and a "glimmer of hope" exists that defendant Ontko may be found liable under the claim that plaintiff has raised against him. Id. at *9-*10 (quoting Hartley v. CSX Transp., 187 F.3d 422, 425). The plaintiff's motion for remand is thus granted.

    B.   Motion to dismiss

Based upon the foregoing, this Court determines that it lacks subject matter jurisdiction to address the merits of the plaintiff's claims raised herein. Accordingly, it is without

jurisdiction to decide defendant Ontko's pending motion to dismiss. This motion to dismiss is thus denied without prejudice subject to refiling in state court if appropriate to do so.

V.   Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED. Defendant Joseph Ontko's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED WITHOUT PREJUDICE. Accordingly, this matter is hereby REMANDED to the Circuit Court of Marshall County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 7, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE